FILED & JUDGMENT ENTERED
Steven T. Salata

Jul 03 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*

Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

IN RE:

**Dreama Michelle Brown**
**SSN XXX-XX-9638**

Debtor.

Case No. 11-30384
Chapter 13

---

IN RE:

**Carolyn Abernathy Lane**
**SSN XXX-XX-2582**

Debtor.

Case No. 11-31690
Chapter 13

---

IN RE:

**Judson Morgan Terrell, IV**
**SSN XXX-XX-8216**

Debtor.

Case No. 10-31100
Chapter 13

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR PROTECTIVE
ORDER AND MOTIONS FOR SANCTIONS AGAINST TIME WARNER CABLE, INC.**

THESE MATTERS came on for hearing on June 12, 2012, on three Motions for Protective Orders and Motions for Sanctions ("Motions") filed by Dreama Michelle Brown, Carolyn Abernathy Lane, and Judson Morgan Terrell, IV ("the Debtors") against Time Warner Cable, Inc. ("Time Warner"). The parties agreed to consolidate these matters for the sake of administrative convenience. According to the Debtors, Time Warner has violated the disclosure provisions of Federal Rule of Bankruptcy Procedure 9037 ("FRBP 9037") and North Carolina General Statutes § 75-66 ("NCGS § 75-66") by filing proofs of claims in the Debtors' Chapter 13 cases that fail to redact all but the last four digits of the Debtors' nine-digit account numbers. The Court grants the Debtors' Motions as they relate to violations of FRBP 9037, but the Court expresses no opinion at this time as to whether Time Warner has violated the provisions of NCGS § 75-66. The Court finds no basis for awarding damages to the Debtors and denies all requests for attorney's fees.

## BACKGROUND AND PROCEDURAL HISTORY

1.    On December 17, 2011, Carlos Luis Espada filed a Chapter 13 bankruptcy proceeding in this Court, Case No. 11-33199. Time Warner was listed as a creditor in that case, and on January 7, 2012, Time Warner filed a proof of claim containing an attachment that disclosed that debtor's nine-digit Time Warner account number. On January 10, 2012, Mr. Espada's attorney, who also represents the Debtors herein, filed with the Court a Motion for Protective Order and Motion for Sanctions against Time Warner alleging violations of FRBP 9037 and NCGS § 75-66. That motion was resolved through the execution of a Consent Order by the parties thereto that was entered by this Court on February 8, 2012.

2.    On May 25, 2012, the Debtors filed the three Motions against Time Warner alleging violations of FRBP 9037 and NCGS § 75-66 resulting from Time Warner's filing

proofs of claims in the Debtors' Chapter 13 cases containing attachments that disclose the Debtors' prepetition nine-digit Time Warner account numbers. In the case of Dreama Michelle Brown (Case No. 11- 30384), Time Warner filed a proof of claim on February 25, 2011, in the amount of $1,326.45.  In the case of Judson Morgan Terrell, IV (Case No. 10-31100), Time Warner filed a proof of claim on May 4, 2010, in the amount of $901.39.  In the case of Carolyn Abernathy Lane (Case No. 11-31690), Time Warner filed a proof of claim on July 27, 2011, in the amount of $333.08.

3.     The Debtors argue that Time Warner violated FRBP 9037 by disclosing the Debtors' nine-digit account numbers on the attachments to the proofs of claims.  As a result of Time Warner's violation of the provisions of FRBP 9037, the Debtors seek damages and attorney's fees.  The Debtors argue that Time Warner's actions in disclosing the Debtors' nine-digit account numbers in the attachments to its proofs of claims was not inadvertent.  A review of a sample of proofs of claims that have been filed by Time Warner in Chapter 13 cases pending before this Court indicates that the attachments to the proofs of claims that were filed in or after February 2012 are in compliance with FRBP 9037, while the attachments to the proofs of claims that were filed prior to February 2012 disclose the respective debtors' entire nine-digit Time Warner account numbers.

4.     Moreover, the debtors argue that Time Warner failed to take appropriate remedial steps once it was made aware that its proofs of claims violated FRBP 9037. The Espada case provided notice to Time Warner that there were Chapter 13 cases in which Time Warner had not redacted the nine- digit account numbers in accordance with FRBP 9037.

5.     In its response, Time Warner asserts that FRBP 9037 is inapplicable because this Rule requires the redaction of all but the last four digits of a "financial-account number,"

and it should logically follow that a "financial-account number" should in some way be associated with a "Financial Institution," as defined in 11 U.S.C. § 101(22) or be financial in nature. Time Warner goes on to argue that it does not fall within this definition of a "Financial Institution," the account number is not financial in nature, and, therefore, FRBP 9037 does not apply.

6.      At the hearing, Donna Bloodworth, a representative of Time Warner, testified that upon receiving a notice of bankruptcy, each active Time Warner account is closed and a new account is opened for each bankruptcy debtor. Bloodworth further testified that the pre-petition account number (which is the account number disclosed by Time Warner) could not be used to access information regarding a debtor's account post-petition. Thus, someone with access to the pre-petition account number could not modify the pre-petition account, order new services on this account, or access activity on the new post-petition account.

7.      Time Warner further argues that it was unnecessary for the Debtors to file the Motions herein because their attorney could have simply contacted Time Warner's counsel and requested that Time Warner obtain a protective order sealing the proofs of claims at issue and then file amended proofs of claims that redact all but the last four digits of the Debtors' Time Warner account numbers.

8.      Finally, Time Warner argues that FRBP 9037 does not create any implied private right of action that may be remedied by an award of damages. Further, Time Warner argued that an award of attorney's fees pursuant to section 105(a) of the Bankruptcy Code is improper because there was no factual basis for finding that Time Warner acted deliberately to harm Debtors or that its actions were willful or flagrant. Additionally, Time Warner argued that it was improper to award attorney's fees under section 105(a) for bringing a motion to enforce Rule

9037. Finally, Time Warner argues that no award of attorney's fees is proper because the Debtors failed to appear and present any evidence of damages suffered by Time Warner's alleged violation of FRBP 9037.

## ISSUES

9.     Has Time Warner violated the provisions of FRBP 9037 and NCGS § 75-66 by filing proofs of claims containing attachments that disclose the Debtors' entire pre-petition nine-digit Time Warner account numbers; and,

10.    If so, are the Debtors entitled to recover damages, including their reasonable attorney's fees?

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

11.    The Court does not find it necessary at this time to rule on the issue of whether Time Warner has violated the provisions of NCGS § 75-66.  Accordingly, the Court will limit its ruling to the alleged violations of FRBP 9037 and the requests for protective orders and recovery of damages and attorney's fees as it relates thereto.

12.    Federal Rule of Bankruptcy Procedure 9037 provides, in part, as follows:

Rule 9037. Privacy Protection for Filings Made with the Court

(a)     REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1)     the last four digits of the social-security number and taxpayer-identification number;
(2)     the year of the individual's birth;
(3)     the minor's initials; and
(4)     the last four digits of the financial-account number.

. . . .

5

(d)    PROTECTIVE ORDERS. For cause, the court may by order in a case under the Code:

(1)    require redaction of additional information; or

(2)    limit or prohibit a nonparty's remote electronic access to document filed with the court.

13.    By its clear terms, FRBP 9037 applies to "a party or nonparty making the filing," and there is no basis to find that the rule is limited to "Financial Institutions," as defined in 11 U.S.C. § 101(22).   Neither is this rule's applicability limited to financial accounts associated with "Financial Institutions."   The Court finds instead that any individual or entity, whether they are a party or a nonparty, is governed by the mandates set forth in FRBP 9037 and all personal account numbers are subject thereto.   See In re Chubb, 426 B.R. 695, 699 (Bankr. E.D. Michigan 2010) (holding that FRBP 9037 is not limited to filings by a financial institution but extends to any party or nonparty making a filing).   And despite the testimony of Ms. Bloodworth, the Debtors are not required to show that the full nine-digit Time Warner account numbers could be used to steal the Debtors' identity or for some other inappropriate purpose.   See id. at 699.   Accordingly, the Time Warner account numbers included on the proofs of claims in question are financial-account numbers and, therefore, fall within FRBP 9037.

14.    In addition, the Debtors were not required to request that Time Warner seal the proofs of claims prior to filing their Motions.   Rather, Time Warner has an affirmative duty to redact all but the last four digits of the Debtors' account numbers in all filings with the Court, and the burden is not placed on debtors' attorneys to request that Time Warner comply with its affirmative duty.   This is particularly true under the facts and circumstances of these cases where Time Warner had recently been made aware that it had filed a proof of claim in the Espada case without redacting the debtor's account number in accordance with FRBP 9037.   As a general rule

and as a matter of good practice, the Court encourages parties to resolve matters such as these informally and without filing a motion.  However, in light of Time Warner's response in objection to the Debtors' Motions and Motions for Sanctions against the Debtors, it appears that any request by the Debtors that Time Warner seal its proofs of claims would have proved fruitless.

15.     The proper remedy for Time Warner's violation of FRBP 9037 is to have the Court prohibit access to the proofs of claims filed by Time Warner in these cases.  Therefore, the Clerk is instructed to immediately restrict access to the proof of claim filed by Time Warner in the case of In re Dreama Michelle Brown (Case No. 11-30384), on February 25, 2011, in the amount of $1,326.45.  Within fourteen (14) days of the date of the entry of this Order, Time Warner shall file an amended, redacted proof of claim in Case No. 11-30384 in compliance with the mandates set forth in FRBP 9037.

16.     Similarly, the Clerk is instructed to immediately restrict access to the proofs of claims filed by Time Warner in the case of In re Judson Morgan Terrell, IV (Case No. 10-31100), on May 4, 2010, in the amount of $901.39 and in the case of In re Carolyn Abernathy Lane (Case No. 11-31690), on July 27, 2011, in the amount of $333.08.  Within fourteen (14) days of the date of the entry of this Order, Time Warner shall file amended, redacted proofs of claims in Case No. 10-31100 and in Case No. 11-31690 in compliance with FRBP 9037.

17.     Finally, beginning from December 1, 2007 (the effective date of FRBP 9037), in all bankruptcy cases in the Western District of North Carolina in which Time Warner has filed unredacted proofs of claims, Time Warner is directed to take prompt action and shall be granted a reasonable time within which to file motions to seal unredacted proofs of claim and to file amended proofs of claims redacting all but the last four digits of debtors' account numbers. The Court finds that a reasonable time would be six months from the date of the entry of this

Order, and the Court will conduct a compliance hearing on September 11, 2012, in order to monitor the progress of Time Warner in complying with this directive.

18.    The Debtors' Motions seek to have the Court require Time Warner to pay the Debtors' damages sustained as a result of Time Warner's violation of the provisions of FRBP 9037, including the payment of attorney's fees.  At the hearing on this matter, the court declined to award damages to the Debtors but ordered Time Warner to pay the Debtors' attorney's fees incurred in the prosecution of the Motions.  Upon further consideration and review of the relevant case law, the Court finds that the Debtors have not alleged facts sufficient for the Court to find that they are entitled to attorney's fees.

19.    The cases are uniform in concluding that the remedy for violations of FRBP 9037 is to restrict access to unredacted information or to require redaction of the information.  However, some courts have found that "'[s]anctions would be appropriate where it is shown that a creditor flaunted the law with knowledge of its proscriptions, failed to take remedial action once violations were discovered, or acted deliberately as opposed to mistakenly or inadvertently.'"  See In re Maple, 434 B.R. 363, 374 (Bankr. E.D.Va. 2010) (quoting In re Barnhart, 2010 WL 724703, at *4 (Bankr. N.D.W.Va. Feb. 26, 2010)).  Although this case is a close call, the Court cannot conclude that Time Warner's failure to redact the Debtors' account numbers was willful, malicious, or a flagrant violation of FRBP 9037, particularly given its argument that FRBP 9037 did not apply to the account numbers listed on the Debtors' proofs of claims.  However, by virtue of this Order, Time Warner has been put on notice that its failure to redact account numbers on proofs of claims filed with this Court is a violation of FRBP 9037.  Moreover, its failure to take remedial action within a reasonable amount of time to redact the improperly filed proofs of claims or to file proofs of claims in compliance with FRBP 9037 in the future may result in this Court finding Time

Warner in contempt of the terms of this Order.

20.     The Court denies Time Warner's request for the recovery of its attorney's fees because the Debtors' Motions were not filed in bad faith nor were they an attempt by Debtors' counsel to extort legal fees.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     The Clerk is instructed to immediately restrict access to the proofs of claims filed by Time Warner in the cases of Dreama Michelle Brown (Case No. 11-30384), Judson Morgan Terrell, IV (Case No. 10-31100), and Carolyn Abernethy Lane (Case No. 11-31690);

2.     Within fourteen (14) days of the date of the entry of this Order, Time Warner shall file an amended, redacted proof of claim in the above-referenced cases;

3.     Time Warner is ordered to take action and shall be granted a reasonable time, not to exceed six months from the date of the entry of this Order, to review all proofs of claims it has filed in the Western District of North Carolina from December 1, 2007, to ensure that such proofs of claims fully comply with the provisions of FRBP 9037.  To the extent they do not, Time Warner is directed to file motions to seal unredacted proofs of claim and to file amended proofs of claims redacting all but the last four digits of debtors' account numbers;

4.      The Court will conduct a compliance hearing on September 11, 2012, at 9:30 a.m., in order to determine Time Warner's progress towards compliance with this Order.  Time Warner's counsel shall be present at the compliance hearing and provide the Court with a report as to the status of Time Warner's compliance efforts; and

5.     The requests of the Debtors and Time Warner for the recovery of attorney's fees and expenses are denied.

**This Order has been signed electronically.**                          **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**